*Patricia A. DeJuneas* for the plaintiff.

ROBERT EMMETT LETENDRE *vs.* COMMONWEALTH. January 12, 2007. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Severance.

Robert Emmett Letendre appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm the judgment.

The procedural background of this case is set forth in *Cohen* v. *Commonwealth, ante* 1005, 1005 (2007). As described there, a judge in the Superior Court ordered that the offenses charged against Letendre be joined for trial with all the offenses charged against Cohen, who was one of Letendre's two codefendants. The judge also denied Letendre's motion to sever the indictments against him from those against both codefendants. In his petition to the single justice, Letendre argued that the judge abused her discretion by joining unrelated matters over his objection, see Mass. R. Crim. P. 9, 378 Mass. 859 (1979), because the charges against Cohen arose from two separate incidents, each involving a different victim, while the charges against Letendre arose from only one of those incidents. He also argued that he and Cohen will assert mutually antagonistic defenses. The single justice denied relief without a hearing.

Letendre has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). He has not done so. As explained in *Cohen* v. *Commonwealth, supra,* adequate relief from the trial judge's ruling, if warranted, could be obtained on appeal from any conviction. The single justice did not abuse his discretion or commit other error of law by denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Joseph F. Krowski* for the plaintiff.